United States v. Iglesias.

# UNITED STATES

*v.*

# SANTIAGO IGLESIAS ET AL.

San Juan, Equity, No. 1043.

ON RETURN OF SERVICE OF RESTRAINING ORDER.

Restraining Order—Amendment.
>    1. A restraining order is the act of the court, and not pleading. It will be amended when it appears to be the proper course.

Railroad Strike—Complete Equity.
>    2. Quære, whether in a suit to restrain workmen from interfering with the operation of a railroad the court, in order to do complete equity, can go on and compel the company to operate the road.

Opinion filed December 22, 1919.

HAMILTON, Judge, delivered the following opinion:

I am somewhat at a loss as to the state of the pleadings in this case. In an ordinary suit when a return day is set certain things must be done one way or the other on that day. It seems that nothing has been done one way or the other. The defendants do not file any answer, do not make any application of any kind, and, on the other hand, the plaintiff, instead of moving for a temporary injunction, states that during the day he is going to ask an amendment of the restraining order originally granted. The whole matter seems to be inchoate. On account of its public importance, I wish all parties to have their rights, but I want them on both sides to go ahead as rapidly as possible.

United States v. Iglesias.

It is not improper to say, however, that, as I understand this case, it alleges that there has been a conspiracy to prevent the production or transportation of cane, sugar cane, and necessarily the making of sugar. And sugar is a great public food necessity at the present time. Now that conspiracy, if proved, is a very serious matter. I think, I am quite sure it might assume a criminal shape. That side of it is not before me, but I say this to emphasize the seriousness with which I view the case.

I do not understand that this case in any form seeks to compel laboring men to go back to work. That would be contrary to the Constitution. I do not think this is the object of the bill at all. In the mind of the court it is not involved at all. Laboring men can work or not work, so far as the court is concerned. Whether they may not be liable if they break a contract which injures others is a different proposition. It is hard to see how one may cause injury to another without being liable for damages. But that is not involved in this suit. There is this in the mind of the court; I do not know whether it can be worked out or not. The allegations of the bill show, if correct, a conspiracy on the part of certain people who influence laborers to prevent the production of sugar cane by stopping its transportation on a certain railroad, the American Railroad of Porto Rico. I do not know that the bill speaks of a strike and the like, but there is a railroad and it is not running. Now if there is any way, Mr. District Attorney, of amending the bill or proceedings so as to make this railroad run, that is what I would like to have done. I have no right to tell the district attorney what to do, but it is important to have sugar produced and all interference must be prevented. With the strike, with the question of who is right or wrong, I have nothing to do. Even pre-

vention of interference with laborers is only a means to an end; that is to say, the transportation of sugar must be effected, and to this end there must be no interference with anyone who desires to go to work on the railroad.

There is this to be borne in mind. When a court of equity takes jurisdiction of a matter it takes jurisdiction for all purposes which are properly connected with it. Whether it ought to go so far as the case at Indianapolis, or now at San Juan go so far as to make the railroad officials parties, I do not decide; but if there is any way of this court taking jurisdiction for the purposes of securing the real public need, that is to say, the operation of this railroad for the purpose of carrying cane, the court would be glad to do it. A court of equity does not do justice by halves. Whether this is feasible I cannot decide, as it is not before me, but it is something which is worthy of consideration by counsel. In the Indianapolis case the issues were possibly such as had not been presented to a court before. Whether in the San Juan case it is proper to go further and make up issues which will effect complete justice is a matter for counsel on both sides to determine in their pleadings.

At present all before me is this, that the district attorney wishes amendment of the restraining order and says he will hand it to the court during the day. This day lasts until 5 o'clock. I will look over the paper proposed by him and will be glad if counsel on the other side will look over it, and I will grant it or not as appears right. It is not necessary that there be preliminary service of copies. This is simply an amendment to the existing restraining order,—in other words, if granted, it becomes the restraining order. If it is improper to grant it, I will be glad if counsel will show me why. At 2

United States v. Iglesias.

o'clock I will decide, and at that time, or before, if counsel wishes to say anything, I will be glad to hear it.

(After hearing argument of Molina.)

I have the Indianapolis complaint and will be glad to show it to you.

The amendment of the order as handed me appears to be proper. Defendants can move to dissolve, and if it is not right I will take pleasure in not granting an injunction. The restraining order is for the court, and is not a pleading. I will grant the amendment. There are one or two things in it that will be of no avail if the order has to wait.

Now, gentlemen, I am anxious to do no injustice whatever to anybody by this proceeding. I will therefore be glad to take up argument as to temporary injunction at the first opportunity you agree on,—if necessary, this afternoon. I do not like taking it up right at Christmas; I hardly think that is necessary. If you do not agree, of course I will fix some time. I want to consult your convenience. Will Wednesday morning be satisfactory? Mr. Clerk, the case is set for Wednesday, December, 24, at 10 o'clock, and let nothing else be set for that morning. This will take precedence of any other case, and we will take other business up when we are through with this. The railroad case will have to come first.